UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

JORDAN ROBERSON,

　　　Plaintiff,

v.

　　　　　　　　　　　　　　　　　　JURY TRIAL DEMANDED

CEDARS BUSINESS SERVICES,
LLC,

　　　Defendant.
_____/

## COMPLAINT

Plaintiff Jordan Roberson ("Plaintiff") sues Defendant Cedars Business Services, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Polk County, Florida.

3.    Venue of this action is proper in this Court because the cause of action alleged below arose in Polk County, Florida.

## PARTIES

4.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Polk County, Florida.

5.    Defendant is a California limited liability company, with its principal place of business located in Calabasas, California.

## DEMAND FOR JURY TRIAL

6.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

7.    On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8.    The Consumer Debt is an obligation allegedly had to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

9.    Upon information and belief, the Subject Service was primarily for personal, family, or household purposes.

10.    Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11.    Defendant is a business entity engaged in the business of collecting consumer debts.

12.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13.    As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14.    Section 1692c(b) of the FDCPA prohibits a "debt collector," without prior consent from the "consumer," from "communicat[ing], in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. §1692c(b).

### The Violative Conduct

15.    On or about December 22, 2025, Defendant attempted to collect the Consumer Debt by sending Plaintiff's employer a debt collection communication (the "Collection Communication").

16.    The Collection Communication informed Plaintiff's employer that there was a debt allegedly owed by Plaintiff to Cedars Business Services, LLC (the "CBS Account").

17. Plaintiff's employer is a third party and is not the Plaintiff, the consumer's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

18. Plaintiff did not provide Defendant with prior consent to communicate with their employer in connection with the collection of the CBS Account.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(b)**

19. Plaintiff incorporates by reference paragraphs 1-18 of this Complaint as though fully stated herein.

20. Section 1692c(b) of the FDCPA prohibits a "debt collector," without prior consent from the "consumer," from "communicat[ing], in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. §1692c(b).

21. As set forth above, Plaintiff did not provide Defendant with prior consent to communicate with Plaintiff's employer, a third party, in connection with the collection of the CBS Account.

22. Defendant communicated with Plaintiff's employer, a third party, in connection with the CBS Account when it sent the Collection Communication.

23. Accordingly, Defendant violated 15 U.S.C. § 1692c(b) by and through the Collection Communication.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)    Statutory damages as provided by 15 U.S.C. §1692k;

(b)    An order declaring that Defendant's actions, as set out above, violated 15 U.S.C. § 1692c;

(c)    An injunction requiring Defendant to comply with 15 U.S.C. § 1692c;

(d)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(e)    Any other relief that this Court deems appropriate under the circumstances.

DATED: May 20, 2026

/s/ Samuel J. Awad                              .
**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
*Lead Attorney For Plaintiff*
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*